**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| COREY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-CV-23 JSD |
| | ) |
| ANDREW BAILEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Corey Brown's Application to Proceed in the District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). The Court will dismiss the Complaint for the reasons discussed below.

**Initial Partial Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Even so, the Court finds that an initial partial filing fee of $1.00 is appropriate. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

2

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff is an inmate at the Moberly Correctional Center in Moberly, Missouri. He brings this suit under 42 U.S.C. § 1983 against the Missouri Attorney General, the Director of the Missouri Department of Corrections ("MDOC"), the Warden of Moberly Correctional Center ("MCC"), and Correctional Officer Hunt. Plaintiff sues all defendants in their individual capacities only.

Plaintiff states that he was performing his duties as dorm porter on August 18, 2023, when he noticed that his cell door was open. Officer Hunt told him not to go into the cell and then subjected Plaintiff to a pat search. Plaintiff reports that something "stabbed" him in the shoulder during the search. When he turned around, Plaintiff noticed that Hunt was holding a tattoo gun in her hand. Plaintiff informed Hunt that she had "just stabbed [him] in the shoulder with that tattoo gun." Hunt then called for assistance. Officer Neimer and Sergeant Saine responded to Hunt's request. Saine then ordered Neimer to take Plaintiff to the medical unit.

3

x

x

In support of his Complaint, Plaintiff has attached copies of two Informal Resolution Requests ("IRRs") he filed with MCC on August 21, 2023. In the first IRR, Plaintiff alleged that the medical unit did not follow proper medical procedures "such as taking [his] blood for testing for Hepatitis C or HIV [that he] may have contracted from this tattoo gun taken from another inmate[.]" In response to the IRR, the Director of Nursing explained that the treating nurse did not see any marks on Plaintiff's skin on August 18th but that a red mark was evident when Plaintiff returned on August 22nd. According to the Response, "exposure labs for HIV and Hepatitis C were drawn on August 22, 2023."[1] In the second IRR, Plaintiff alleged that Officer Hunt apologized after "stabbing" him and stated: "I didn't mean to do that." Plaintiff requested monetary relief for "failure to protect" and failure to properly train new officers. MCC declined.

Plaintiff alleges that the incident caused permanent injury but he does not describe the nature of the alleged injury. He seeks $56,675,000 in damages.

## Discussion

Liberally construed, Plaintiff appears to assert claims for assault, battery, negligence, and deliberate indifference to a serious medical need. For the reasons below, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

**1. Personal Involvement**

Plaintiff sues the Defendants in their individual capacities only. To succeed on an individual-capacity claim, a plaintiff must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation

---

[1] The Court may consider Plaintiff's attachments to the Complaint on its initial review. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

4

of rights"). Put another way, a plaintiff must allege facts showing how a particular defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role are insufficient. *See Iqbal*, 556 U.S. at 663 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits . . . the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his own individual actions, has violated the Constitution."); *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018) ("Vicarious liability is inapplicable in 42 U.S.C. § 1983 suits.").

The Complaint contains no allegations that the Missouri Attorney General, the Director of MDOC, or the Warden of MCC were personally involved in the August 18, 2023 incident or any of the treatment decisions that followed. Plaintiff instead invokes the supervisory roles of these defendants. For example, Plaintiff sues the Attorney General "for the total disregard of an Officer that was employed by the Department of Corrections, a department that the Attorney General's Office is the Head Administrator of." He contends the Warden is liable "for the disregard of the actions of one of the Employees of the Moberly Correctional Center Facility." As to the Director of MDOC, Plaintiff asserts liability on the basis that the Director "disregard[ed] the seriousness of the actions of one of the employees of the Department of Corrections." These allegations do not establish the requisite personal involvement. *See Madewell*, 909 F.2d at 1208; *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). For these reasons, the Court will dismiss Plaintiff's claims against the Missouri Attorney General, the Director of MDOC, and the Warden of MCC.

### 2. Deliberate Indifference

Under the Eighth Amendment, the government has an obligation to provide medical care to those persons it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, an inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

As to Officer Hunt, the Complaint focuses entirely on her conduct on August 18, 2023. Plaintiff makes no allegations that Hunt disregarded his medical needs. In fact, Plaintiff states that Hunt immediately called for assistance, which resulted in Sergeant Saine taking Plaintiff to the medical unit. Thus, Plaintiff has not alleged facts demonstrating Hunt's personal responsibility for the alleged deliberate indifference. *See Madewell*, 909 F.2d at 1208. As for the remaining defendants, the Court has already explained that their supervisory roles—the only basis for Plaintiff's claims against them—are insufficient to establish the requisite personal involvement. *See Keeper v. King*, 130 F.3d at 1314. Accordingly, the Court will dismiss Plaintiff's deliberate indifference claim against all defendants.

Even if Plaintiff could establish each defendant's personal involvement, his deliberate indifference claim would still fall short. A claim of deliberate indifference "requires both an objective and a subjective analysis." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). A serious medical need

6

is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Under the subjective prong, the plaintiff must show that a prison official actually knew of but disregarded that serious medical need. *Jackson*, 756 F.3d at 1065. To satisfy the subjective prong, the plaintiff must demonstrate that the defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). This requires "a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *see also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health").

The Response to Plaintiff's first IRR shows that a nurse examined Plaintiff after the pat search and tested his blood. While Plaintiff alleges a "permanent injury" in his Complaint, he fails to explain the nature of the injury beyond "permanent scarring." Thus, even assuming Plaintiff could establish an objectively serious need, the allegations in the Complaint do not suggest that the Defendants actually knew of yet disregarded that serious medical need, much less that they acted with a highly culpable state of mind approaching actual intent. *See Jackson*, 756 F.3d at 1065; *Kulkay*, 847 F.3d at 643. On the contrary, the Complaint—read in conjunction with Plaintiff's IRRs—suggests that Plaintiff received an appropriate medical evaluation.

  **3. State Law Claims**

Liberally construed, Plaintiff also appears to assert claims for battery, assault, and negligence under Missouri state law. Because the Court concludes that Plaintiff has failed to state a claim to relief on his federal claim, it will decline to exercises supplemental jurisdiction over Plaintiff's state law claims. *See 28 U.S.C. § 1367(c)(3)*; *United Mine Workers v. Gibbs*, 383 U.S

7

715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

**Conclusion**

The Court finds that Plaintiff's Complaint fails to allege any personal involvement by the Defendants Missouri Attorney General, the Director of MDOC, or the Warden of MCC, and fails to state a plausible claim of deliberate indifference to a serious medical need. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. For these reasons, the Court will dismiss Plaintiff's Complaint without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees or Costs is **GRANTED**. (ECF No. 2)

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief and Prohibition Against Retaliation is **DENIED**. (ECF No. 3)

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED** as moot. (ECF No. 6)

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of June, 2024.